UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:17-CR-150-DPJ-ASH

TERRENCE OMAR GATES

ORDER

This matter is before the Court on Terrence Omar Gates's Motion for Early Termination of Supervised Release [102].  Although Gates appears to be doing well on supervised release, for the reasons provided below, the Court denies his motion.

I.      Facts and Procedural History

In June 2017, the Jackson Police Department initiated a traffic stop of Gates and discovered suspected marijuana, a black digital scale, a firearm, and $6,937 in cash.  PSR [42] ¶¶ 10–12.  A subsequent search of Gates's residence revealed $10,000 in cash, 444 grams of marijuana, and rounds of ammunition.  *Id.* ¶ 13.  Officers then learned Gates was a felon and was on supervised release for being a felon in possession of a firearm in 2011.  *Id.* ¶¶ 15–16.

In December 2017, a federal grand jury charged Gates with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Indictment [1].  Gates was convicted by a jury, and the Court sentenced him to 78 months in custody, to be served consecutively to the 24-month revocation of his supervised release in case 3:11-CR-44 (the 2011 conviction).  J. [45] at 2.  The Court also ordered Gates to serve three years of supervised release.  *Id.* at 3.  Gates appealed, and the Fifth Circuit affirmed.  5th Cir. Op. [74].

On December 22, 2025, Gates sent the Court a letter, docketed as a motion, requesting early termination of his supervised release.  *See* Mot. [102].  The Court now turns to this request.

II.    Standard

Motions to terminate supervised release are governed by 18 U.S.C. § 3583(e)(1):

> The court may, after considering the factors set forth in section 3553(a) [other than sections (a)(2)(A) and (a)(3)] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

By referencing § 3553(a), "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence[—]largely the same considerations the court must assess when imposing the original sentence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Finally, "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Smith*, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (collecting cases).[1]

III.    Analysis

Gates supports his request for early termination by pointing to his rehabilitation and current employment. Mot. [102]. He explains that he has been accepted as an apprentice wireman and received job placement. *Id.* He also says he has completed "over 2 years" of his

---

[1] "Because the statutes governing early termination of probation and supervised release . . . use the same language, courts have frequently relied on precedents governing requests interchangeably." *United States v. Reed*, No. 15-100, 2020 WL 4530582, at *2 n.1 (E.D. La. June 5, 2020) (citing *Smith*, 2014 WL 68796, at *1).

2

three-year term "in full compliance with the terms of supervision." *Id.* The government opposes Gates's motion.

A.    Section 3553 Factors

1.    Nature and Circumstances of the Offense/History and Characteristics of Defendant

The Court first considers the nature and circumstance of the offense along with the history and characteristics of the defendant. *See Reed*, 2020 WL 4530582, at *3. Gates was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Verdict [35]. Gates also possessed this firearm in connection with another crime, possession with intent to distribute marijuana—a presumptively dangerous crime that resulted in a four-level enhancement to his base offense. PSR [42] ¶ 26; *see United States v. Beaumont*, 759 F. Supp. 339, 340 (E.D. Tex. 1991) ("Drug offenses are by their nature dangerous to the community."); *see also United States v. Zermeno*, No. 1:16-CR-79(1), 2024 WL 4043445, at *8 (E.D. Tex. Sept. 3, 2024) ("Courts have long recognized, however, that drug dealing constitutes a danger and threat to the community."). And, as mentioned, this arrest was the second time Gates possessed a firearm despite being a felon. PSR [42] ¶¶ 16, 40. The nature of the offense—committed while on supervised release—weighs against early termination, as does Gates's history as detailed during the sentencing hearing. As discussed below, his commendable efforts toward rehabilitation do not offset these other considerations.

2.    Need to Afford Adequate Deterrence/Protect the Public

Next, the Court looks at the need to deter criminal conduct and the need to protect the public from further crimes of the defendant. *Reed*, 2020 WL 4530582, at *3. The Government submits that denying Gates's motion will "serve to deter future criminal conduct by potential

offenders and any future criminal conduct in which the defendant may engage." Gov't Resp. [109] at 9.

Gates admits that he has only completed two years of his three-year term. Mot. [102]. And, as mentioned, Gates was charged with being a felon in possession of a firearm while on supervised release (for the same charge). PSR [42] ¶ 16. Given this history, the Court believes continued supervision is in Gates's best interest and will give him oversight that will protect the public and deter further criminal conduct. *See United States v. Allred*, No. 1:14-CR-22, 2024 WL 4165521, at *1 (D. Utah Sept. 12, 2024) ("The seriousness of Mr. Allred's crimes and his history as a repeat offender also support continuing Mr. Allred's current supervision status.").

B.      Other Arguments

The Government submits that the Court did not err in setting Gates's sentence at 78-months incarceration and three years of supervised release. Gov't Resp. [109] at 11. As explained in the Pre-Sentence Report, Gates's offense level was 20, and his criminal history category was V, making him eligible for a sentence between 63 and 78 months, plus five years of supervised release. PSR [42] ¶¶ 24–25, 33, 44, 71, 76. In other words, the sentence was appropriate, the term of supervised release could have been longer, and early termination is unwarranted.

Lastly, the Government argues that the justifications Gates presents "do not rise to the level of granting his request." Gov't Resp. [109] at 11. Gates explains that he is enrolled in an electrical training school, is working in his new career field, joined the International Brotherhood of Electrical Workers (a trade organization), mentors young men in his community, and is financially successful. Mot. [102]; Reply [110] at 1–2. He also says that "employment opportunities exist all across the United States, but currently while being on supervise released I

4

am limited to local options available." Reply [110] at 1 (noting he lives and works in Cordova, TN).

Gates's success is commendable; he has done well since his release by pursuing educational opportunities and a promising career. The Court does not take his accomplishments lightly. But, as the Government raises, he has not shown that his supervision presents a hardship. Gov't Resp. [109] at 11. It may limit his geographical opportunities temporarily, but Gates is nearing completion of his three-year term and can soon seek employment wherever he likes. *See United States v. Gross*, No. CR 05-0717(ADS), 2012 WL 259923, at *2 (E.D.N.Y. Jan. 27, 2012) ("[T]he fact that supervised release has made it difficult to find new employment is not a reason to grant early termination. Unfortunately, almost every supervised release presents this difficulty.").[2]

As the Government points out, "[p]roof of compliance with the terms of supervised release does not equate to 'exceptionally good' behavior and does not, by itself, justify early termination." *Reed*, 2020 WL 4530582, at *2. So, while Gates is doing well, he has not shown that his supervised release should be terminated; his motion [102] is denied.

IV.     Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. Gates's motion [102] is denied.

**SO ORDERED AND ADJUDGED** this the 21st day of April, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] If there are other employment opportunities, Gates remains free to discuss them with his probation officer.